IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMON A. HARLIN, JR.,

                    Plaintiff,

        v.                              CASE NO. 22-3129-SAC

USP LEAVENWORTH,


                    Defendant.


<u>**MEMORANDUM AND ORDER**</u>

**I.   Nature of the Matter before the Court**

Plaintiff Damon A. Harlin, Jr. Pettaway, who is incarcerated at Atchison County Jail, has filed this pro se civil action pursuant to 28 U.S.C. § 1331, seeking relief from federal officials for the alleged violations of his constitutional rights in December 2021 and January 2022 while he was housed at the United States Penitentiary in Leavenworth, Kansas (USPL). *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

As the factual background for this complaint, Plaintiff alleges that between December 15, 2021 and January 26, 2022[1], he experienced dizziness and a numb feeling on the left side of his body. (Doc. 1, p. 5.) He sought medical help, which took two hours to arrive. Plaintiff got the same feeling on January 26, 2022; his

---

[1] It is not clear from the complaint whether Plaintiff felt ill  on one day, two days, or all days between December 15, 2021 and January 26, 2022.

blood pressure was very high and he had contracted COVID-19. *Id.*
Because there was no emergency button within reach and he was in
too much pain and lacked the strength to move to his top bunk,
Plaintiff "was left laying on the floor" and did not receive any
medical treatment. *Id.* Moreover, Plaintiff advises the Court that
medical treatment is not available 24 hours per day at USPL. *Id.*

        As the sole count of his complaint, Plaintiff claims that his
rights under the Eighth Amendment to the United States Constitution
were violated by the events described above. *Id.* at 3. As relief,
Plaintiff requests money damages in an amount to be determined by
the Court to compensate him for his pain and suffering. *Id.* at 5.

## II.  Screening Standards[2]

        Because Plaintiff is a prisoner, the Court is required to
screen the complaint and dismiss any portion that is frivolous,
malicious, fails to state a claim upon which relief may be granted,
or seeks monetary damages from a defendant who is immune from that
relief. *See* 28 U.S.C. §§ 1915A(a)-(b). He proceeds pro se, so the
Court liberally construes the complaint and applies less stringent
standards than it would to formal pleadings drafted by attorneys.
*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). During this initial
screening, the Court accepts all well-pleaded allegations in the

---

[2] Because *Bivens* claims and claims brought under 42 U.S.C. § 1983 are analogous,
the Court cites to legal authority regarding both. *See Hernandez v. Mesa*, 140 S.
Ct. 735, 747 (2020) (noting the parallel between the two causes of action).

complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant

violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* (quotation marks and citations omitted). Under this new standard, "a plaintiff must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

## III. Analysis

First, this matter is subject to dismissal because Plaintiff names as the sole defendant "USP Leavenworth," which is not a proper defendant in this action. Although *Bivens* claims may be brought "against the offending individual officer, subject to the defense of qualified immunity[, a] prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the [Bureau

of Prisons].” *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Thus, USPL is not a proper defendant in this matter.

In addition, even if a proper defendant was named, the complaint as it stands does not allege sufficient facts to support a plausible claim upon which relief can be granted. “*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right.” *Carlson v. Green*, 446 U.S. 14, 18 (1980).

Plaintiff asserts the violation of his Eighth Amendment right to be free from cruel and unusual punishment based on inadequate provision of medical care. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish “deliberate indifference to serious medical needs.” *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 Fed. Appx. 667, 672 (10th Cir. 2008) (unpublished)(citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The “deliberate indifference” standard has two components: “an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind.” *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

For the objective component, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305. In situations where treatment was delayed but not denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001); *Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006).

It appears from the complaint that Plaintiff may have seen medical staff on at least one occasion after a 2-hour wait, but it is unclear when or if he ever received treatment, or if treatment was denied altogether. It is also unclear whether any USPL officer knew that Plaintiff was in need of medical assistance. Simply put, the facts underlying Plaintiff's claim are not sufficient to state a plausible claim that his Eighth Amendment rights were violated.

## IV. Amended Complaint Required

For the reasons stated herein, the current complaint is fatally deficient. Plaintiff therefore is given the opportunity to file a complete and proper amended complaint on court-approved forms that cures all the deficiencies discussed herein. Plaintiff is given time to file a complete and proper amended complaint in which he (1) identifies proper defendants in both the caption of the complaint and the body of the complaint; (2) alleges sufficient facts to state a plausible claim of a federal constitutional violation; and (3) alleges sufficient facts to show personal participation by each named defendant.

Plaintiff is cautioned that an amended complaint is not simply a supplement to the original complaint. Rather, the amended complaint completely replaces the original complaint. Thus, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those already set forth in the original complaint. Plaintiff must write the number of this case (22-3129) at the top of the first page of his amended complaint. He must name each defendant in the caption and he must refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates,

locations, and circumstances. Plaintiff must allege sufficient facts to show a federal constitutional violation.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will proceed upon the current deficient complaint and will be dismissed. Plaintiff is also reminded that per the Court's prior order (Doc. 2), he is required to take one of the following actions on or before July 28, 2022: either pay the $402 filing fee for this action or file a motion to proceed without prepayment of fees. If Plaintiff does not pay the full fee and also does not file a motion to proceed without prepayment of fees by the deadline, this action may be dismissed without further notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including August 15, 2022, to file a complete and proper amended complaint to cure all the deficiencies discussed herein. The clerk is directed to send the *Bivens* forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 15th day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

8